# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 09-871V
Filed: June 13, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MELISSA SILVA, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Attorneys' fees and costs decision; an amount to which respondent does not object

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Melissa Silva</u>, Rincon, PR, for petitioner (pro se).
<u>Lisa A. Watts</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 1, 2013, petitioner's former counsel, Diana Stadelnikas (now Sedar), filed an Application for Attorneys' Fees and Costs and Motion to Defer Decision on Same. App., Feb. 1, 2013, ECF No. 41. Petitioner's counsel requested $40,976.35 in attorneys' fees and costs, consisting of $28,484.00 in attorneys' fees and $12,492.35 in costs. Petitioner's counsel reported that, at that time, petitioner had not incurred personal costs in the case. Petitioner's counsel requested that the court "stay or defer decision on this application until such time as the case-in-chief is concluded." App. at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Later on February 1, 2013, Ms. Sedar filed a Motion to Withdraw as Attorney, citing "irreconcilable differences." Mot. Withdraw, Feb. 1, 2013, ECF No. 42, at 1. The motion was granted on February 1, 2013, and petitioner became pro se.

On May 22, 2013, respondent filed her opposition to petitioner's fees application. Respondent objected to an award of interim fees and costs, but indicated she had no objection to reimbursement in the amount of $39,226.35, consisting of $26,734.00 in attorneys' fees and $12,492.35 in litigation costs. Resp't's Opp., May 22, 2013, ECF No. 52.

On June 9, 2014, during a telephonic status conference, petitioner made an oral motion to dismiss her case. The undersigned issued a decision on June 11, 2014, granting petitioner's motion to dismiss.

On June 12, 2014, the undersigned's law clerk contacted Lisa A. Watts, respondent's counsel, and Ms. Sedar, petitioner's former counsel. Ms. Sedar reported that she does not object to a reduced amount of $39,226.35. Ms. Watts reported that respondent does not object to the issuance of a fees decision in that amount before judgment has entered, as this now appears to be a final fee petition.

On June 13, 2014, a telephonic status conference was held, in which Ms. Sedar and Ms. Watts participated. Ms. Sedar requested that fees be awarded solely to her firm, Maglio, Christopher & Toale, rather than jointly to her firm and petitioner. Respondent objected to this request. Ms. Sedar's request is denied.

Respondent and Ms. Sedar do not object to reimbursement in the amount of $39,226.35, consisting of $26,734.00 in attorneys' fees and $12,492.35 in litigation costs. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$39,226.35**, representing reimbursement for Ms. Sedar's attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Maglio, Christopher & Toale in the amount of **$39,226.35**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Date | Laura D. Millman |
|  | Special Master |

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

2